BETTIE MILTON v. THE STATE.

No. 15468. Delivered December 14, 1932.
Reported in 55 S. W. (2d) 95.

326

The opinion states the case.

*M. G. Hansbro,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is murder; penalty assessed at confinement in the penitentiary for five years.

The appellant shot and killed Oscar Finley. The appellant is a negro woman and the deceased was a negro man. The evidence suggests that prior to the homicide they had been residing at a lumber camp at or near Groveton. Finley was a workman in the employ of the Rock Creek Lumber Company. While he was away at work, the appellant went to Camp Hoover and engaged in cooking for some hands that were working there. She went to Camp Hoover about one or two days prior to the day on which the homicide took place. When the deceased returned to his place of abode and learned that the appellant had gone to Camp Hoover, he went there, carrying with him a Winchester rifle, stating (according to some of the testimony) that he would bring the appellant back with him or kill her. Upon his arrival at Camp Hoover the deceased and appellant engaged in a conversation.

The appellant did not testify, but introduced witnesses tending to advance and support the theory that the deceased, by threats to do her personal injury and having a gun in his hand, coerced her to return with him to their former place of abode; that, influenced by fear of the deceased, the appellant prepared to accompany him. He walked in front, carrying his gun. She followed, leaving the room in which she had her belongings. After going a short distance, she retraced her steps, went into

the room and got a pistol with which she shot the deceased. The bullet entered the back near the neck.

There was conflict of evidence, that of the state showing that the appellant's Winchester had two cartridges in the magazine and none in the barrel. The testimony in behalf of the appellant indicated that the gun was loaded, that is, it had a cartridge in the barrel, and that the deceased was apparently in the act of shooting the appellant.

The court instructed the jury on the law of self-defense based upon both real and apparent danger. The manner in which the issues were submitted is not assailed by exceptions to the charge or otherwise. The position taken by the appellant is that the evidence is insufficient to support the verdict. It is thought, however, that the conflict in the testimony presents a question of fact for the jury, and that this court would not be authorized upon the supposed insufficient evidence to annul the verdict.

Four bills of exception are found in the record. They are not artfully drawn. Three of them are founded upon the theory that the rights of the appellant were transgressed, by the ruling of the court in receiving in evidence testimony tending to show that the appellant and deceased had been unlawfully living together. The court explains the bills with the statement that the evidence was received as bearing upon the previous relations of the appellant and the deceased.

Article 1257a, P. C., which is a part of the murder statute passed in 1927, contains the following: "In all prosecutions for felonious homicide the State or the defendant shall be permitted to offer testimony as to all relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the homicide, which may be considered by the jury in determining the punishment to be assessed."

Manifestly the evidence showing the previous relations of the parties was relevant.

Bill No. 4 relates to the asking by state's counsel of an improper question of a character witness for the defendant. The question was calculated to elicit testimony adverse to the reputation of the appellant. The court sustained the objection to the question, and no answer appears to have been made. The transaction is not one that would require a reversal of the judgment.

Finding no reversible error, presented for review, the judgment is affirmed.

*Affirmed.*